******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

KETTLE BROOK REALTY, LLC *v.* TOWN OF
EAST WINDSOR
(AC 36817)

Lavine, Beach and Prescott, Js.

*Argued April 8—officially released July 21, 2015*

(Appeal from Superior Court, judicial district of New
Britain, Hon. Arnold W. Aronson, judge trial referee.)

*Jonathan M. Starble*, for the appellant (plaintiff).

*Laura A. Cardillo*, with whom, on the brief, was
*Tiffany K. Spinella*, for the appellee (defendant).

*Opinion*

LAVINE, J. The plaintiff, Kettle Brook Realty, LLC, appeals from the judgment of the trial court dismissing its real estate tax appeal.[1] On appeal, the plaintiff claims that the trial court improperly concluded that, pursuant to General Statutes § 12-117a,[2] it was required to serve the defendant, the Town of East Windsor (town), within two months of the date notice of a decision by its Board of Assessment Appeals (board) was mailed. More particularly, the plaintiff claims that (1) it met the filing and service requirements of § 12-177a and (2) the court failed to distinguish properly the procedural differences between § 12-117a and common-law civil actions. We affirm the judgment of the trial court.

There is no dispute with regard to the following underlying facts. The plaintiff is the owner of real property located at 96 Prospect Hill Road in the town. With regard to the town's Grand List as of October 1, 2012, the town's tax assessor valued the plaintiff's property at $4,089,130. The plaintiff appealed the assessment of the property to the board and appeared before the board to request a reduction in the assessment. On April 29, 2013, the board denied the plaintiff's request for a change of the assessment. The assessor mailed the board's decision to the plaintiff on May 1, 2013.

On June 28, 2013, the plaintiff filed an application in the Superior Court. The application was titled "Complaint" and bore a return date of July 23, 2013. On July 10, 2013, a marshal served the application, citation, and recognizance on the town and on July 17, 2013, filed the return of service in court. On August 14, 2013, the town filed a motion to dismiss the appeal on the ground that the court lacked subject matter jurisdiction because the plaintiff had failed to serve the appeal within two months of the date notice of the board's decision was mailed. The plaintiff opposed the motion to dismiss contending that there is § 12-117a does not require a tax appeal to be served within two months of the board's decision and that §12-117a "clearly requires a tax appeal be commenced by *filing an application* with the court within two months after the town's action." (Emphasis in original.) The parties appeared before the court to argue the town's motion to dismiss. The court issued a memorandum of decision on April 14, 2014, in which it granted the motion.

In adjudicating the motion to dismiss, the court stated that the present case is a companion case to *Chestnut Point Realty, LLC* v. *East Windsor*, in which the same issue was considered and decided by the court. The court found that the pertinent facts in the *Chestnut Point Realty* case are the same as the facts in the present case. The trial court stated that the key issue in both cases "is whether § 12-117a requires the filing of an application of appeal to the court within two months

following the date of the notice from the [board] or whether § 12-117a requires service of process upon the town in order to effect a proper appeal." The court concluded that service of process is necessary to commence an appeal pursuant to § 12-117a.

In its memorandum of decision, the trial court referred to its analysis in its memorandum of decision in adjudicating the motion to dismiss filed in the *Chestnut Point Realty, LLC*, case. The court noted that the plaintiff had isolated one term in the statute and taken it out of context, as did the plaintiff in *Chestnut Point Realty, LLC*. The court stated that a statute must be read as a whole, rather than in separate parts. See *Wiseman* v. *Armstrong*, 269 Conn. 802, 810, 850 A.2d 114 (2004). The court granted the town's motion to dismiss because it lacked subject matter jurisdiction due to the plaintiff's failure to serve the town within two months notice of the board's decision.

The claims raised in the present appeal are identical to those raised in the companion case of *Chestnut Point Realty, LLC* v. *East Windsor*, 158 Conn. App. 565, A.3d (2015), which we also decide today. Our decision in that case controls the present appeal.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] This case was heard with *Chestnut Point Realty, LLC* v. *East Windsor*, 158 Conn. App. 577, A.3d (2015). Although they are substantively related, the two cases were considered separately and have been reported separately.

[2] General Statutes § 12-117a provides in relevant part: "Any person . . . claiming to be aggrieved by the action of the . . . board of assessment appeals . . . may, within two months from the date of the mailing of notice of such action, make application, in the nature of an appeal therefrom . . . to the superior court . . . which shall be accompanied by a citation to such town . . . to appear before said court. Such citation shall be signed by the same authority and such appeal shall be returnable at the same time and served and returned in the same manner as is required in case of a summons in a civil action. . . ."